IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.P. DEAUVILLE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ARION PERFUME AND BEAUTY, INC.,<br><br>    Defendant. | No. C14-03343 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIMS** |

A.P. Deauville, LLC ("Plaintiff") brought federal and state law claims for false advertising and unfair competition against Arion Perfume & Beauty, Inc. ("Arion") and Does 1 through 10 (collectively, "Defendants"). Defendants filed counterclaims against Plaintiff. See SAA (dkt. 38) at 10-22. The Court today held a hearing on Plaintiff's motion to dismiss Defendants' counterclaims. See generally MTD (dkt. 47). As explained below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to dismiss.

## I. BACKGROUND

Plaintiff "produces, markets, and sells Power Stick brand deodorant, antiperspirant, body spray, and body wash[,] which it sells exclusively at value-priced retailers." Compl. (dkt. 1) ¶ 9. Defendants sell "European American Design ("EAD") men's deodorant, deodorant spray, and body wash products[,] . . . which compete with Plaintiff's [products]." Id. ¶¶ 11-13. Plaintiff claims that the EAD product labels "contain false and misleading

1  statements or otherwise fail to meet the requirements for product labeling in the United
2  States," that consumers are "likely to be misled and deceived[,]" and that Defendants' false
3  and misleading labeling "is damaging to the reputation, goodwill, and sales of Plaintiff . . . ."
4  Id. ¶¶ 13, 29-30.

   Defendants assert in their counterclaims that Plaintiff's Power Stick products also
6  contain false or misleading statements, and that Plaintiff's Power Stick Cool Blast product
7  does not comply with numerous Food & Drug Administration ("FDA") regulations.[1]  SAA at
8  11-17.  Significantly, Defendants claim that Plaintiff's Power Stick product labels are
9  misleading because the statement "Made in the U.S.A. of U.S. and/or imported ingredients"
10 is ambiguous.  Id. at 11.  Defendants assert that consumers will believe that the Power Stick
11 products contain domestic ingredients when, because of the "and/or" language, there is no
12 guarantee that any ingredients are domestic.[2]  Id.  Because the Federal Trade Commission
13 ("FTC") only requires language that clarifies the origin of a product's ingredients if the
14 product is not all, or virtually all, comprised of domestic parts, Defendants contend that
15 Plaintiff's use of qualifying language gives rise to an inference that the Power Stick products
16 contain more than a de minimis amount of foreign content.  Id. at 11-14.  Plaintiff also
17 advertises online using statements such as "Why we are made in America[,]" without
18 clarifying whether the product ingredients are domestic or foreign.  Id. at 11-13.  Defendants
19 maintain that because Plaintiff's use of qualifying language on the Power Stick product
20 labels gives rise to an inference that the products contain more than a de minimis amount of
21 foreign content, Plaintiff's unqualified statements violate FTC guidelines and fail to
22 adequately prevent consumer deception.  Id.

23 On July 23, 2014, Plaintiff brought suit against Defendants, alleging violations of the
24 Lanham Act and California Business and Professions Code sections 17200 and 17500.  See

---

[1] The alleged FDA violations include failure to list the Power Stick Cool Blast product with the FDA, failure to adequately provide a Statement of Identity on the display panel, and various other format and content requirement failures including using too small a font, incorrect placement of warnings, and improper punctuation. SAA at 14-17.

[2] The SAA also claims that Plaintiff's U.S. origin statement is "false or misleading," but there is no serious argument that Plaintiff's products are not manufactured domestically. See SAA 10-18; see generally Opp'n.

2

generally Compl.  On August 29, 2014, Defendants filed an answer, see generally Answer (dkt. 12), which Defendants amended on September 19, 2014 to include counterclaims against Plaintiff, see generally FAA (dkt. 29).  On October 10, 2014, Plaintiff filed a motion to dismiss Defendants' counterclaims.  See generally MTD FAA (dkt. 34).  On October 24, 2014, Defendants amended their counterclaims.  See SAA at 10-22.  Plaintiff now moves to dismiss Defendants' amended counterclaims.  See generally MTD.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)).  Dismissal is proper if a complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  When determining plausibility, allegations pertaining to material facts are accepted as true for purposes of the motion and construed in the light most favorable to the non-moving party.  Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

## III.   DISCUSSION

Plaintiff moves to dismiss Defendants' counterclaims, which allege false advertising in violation of the Lanham Act § 43(a) and California Business and Professions Code, § 17500 et seq., and unfair competition in violation of California Business and Professions Code § 17200 et seq. See generally MTD; SAA.  Specifically, Defendants argue that: (1) the statement "Made in the U.S.A. of U.S. and/or imported ingredients" on all of Plaintiff's Power Stick products is misleading; (2) Plaintiff's use of unqualified statements of U.S. origin in its advertising is misleading; and (3) Plaintiff's Power Stick Cool Blast product violates numerous FDA labeling requirements.  See SAA at 10-21.

3

As explained below, Defendants fail to state a claim for false advertising and so the Court will GRANT Plaintiff's motion to dismiss the first two causes of action with prejudice. Because Defendants' third cause of action, specifically as it relates to Power Stick Cool Blast's alleged labeling violations, states a plausible claim, the Court will DENY Plaintiff's motion to dismiss Defendants' unfair competition claim.

### A. U.S. Origin Claims

Plaintiff moves to dismiss Defendants' first and second causes of action, which allege that Plaintiff's U.S. origin statements are misleading. See generally MTD; SAA at 19-20. Plaintiff argues that Defendants do not have any factual basis for their claims. MTD at 7-8; Reply (dkt. 51) at 4-6. Defendants argue that they state a claim based on Plaintiff's use of "and/or" language and its use of both unqualified and qualified statements of U.S. origin. Opp'n (dkt. 50) at 4-6.

The parties primarily dispute whether Defendants have adequately stated a false advertising claim under Lanham Act § 43(a), Defendants' first cause of action.[3] See generally SAA; MTD; Opp'n. Plaintiff argues that, because its products contain no more than a de minimis amount of foreign content, both its unqualified and qualified statements of U.S. origin comply with the FTC's guidelines and are not misleading to consumers. MTD at 7-8; Reply at 4-6.[4] Plaintiff goes on to argue that whether Plaintiff complies with the FTC guidelines is not provably false and that, without any other factual basis supporting Defendants' claim, Defendants cannot maintain a private right of action requiring Plaintiff to substantiate its statements. Id. Defendants argue that Plaintiff's products contain more than a de minimis amount of foreign content, that whether Plaintiff complies with the FTC guidelines is provably false, and that Defendants are therefore entitled to a private right of action. Opp'n at 4-6.

---

[3] Defendants also argue that, because they have established a plausible claim under the Lanham Act, they are entitled to relief under Cal. Bus. & Prof. Code § 17500, Defendants' second cause of action. Opp'n at 11 (citing J.K. Harris & Co., LLC v. Kassel, 253 F. Supp. 2d 1120, 1130 n.9 (N.D. Cal. 2003)).

[4] Plaintiff also argued at the motion hearing that the counterclaim failed under Iqbal because it amounts to a mere statement of falsity without any factual basis alleged.

4

### 1.     Federal Trade Commission Policy On U.S. Origin Statements

To succeed on a false advertising claim under the Lanham Act, Defendants must prove the following: (1) there is a false statement of fact; (2) the statement actually deceived or has the tendency to deceive consumers; (3) the deception is likely to influence the purchasing decision; (4) Plaintiff caused its false statement to enter interstate commerce; and (5) Defendants have been or are likely to be injured as a result of the false statement. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997) (citation omitted).[5] Primarily at issue here are the elements of falsity and deception.

The FTC has authority under Section 5 of the FTC Act, 15 U.S.C. § 45, to regulate claims of U.S. origin in advertising. See generally 62 Fed. Reg. 63756 (Dec. 2, 1997). The FTC recognizes two types of U.S. origin statements: unqualified and qualified. Id. An unqualified statement claims only that the product is of U.S. origin, while a qualified statement goes on to explain the source of the ingredients.[6] Id. The FTC distinguishes between statement types because consumers expect that products labeled with unqualified statements of U.S. origin contain a high amount of U.S. content. Id. at *63763. Accordingly, the FTC permits unqualified statements of U.S. origin only when "all or virtually all" of the ingredients are domestic; that is, the product must contain no more than a de minimis amount of foreign content. Id. at *63756.

To satisfy the FTC standard for unqualified statements, the FTC policy requires that the final assembly of the product take place in the United States. Id. at *63768. But the FTC also considers other factors, including "the portion of the product's total manufacturing costs that are attributable to U.S. parts and processing" and "how far removed from the finished

---

[5]  Defendants rely on the FTC's analysis of U.S. origin claims in order to establish the element of consumer deception required for Lanham Act claims. See SAA at 13. Defendants argue that reliance on the FTC's analysis of such statements is appropriate because the FTC has conducted significant research concerning consumers' understanding of U.S. origin statements in furtherance of its mission to protect consumers from misleading statements. Id.; Opp'n at 3; see 62 Fed. Reg. 63756. Plaintiff does not disagree with Defendants. See MTD at 1, 6-8. Plaintiff argues that only the FTC may determine whether Plaintiff's U.S. origin statements comply with the FTC's guidelines and whether consumers are deceived as a result. Id.

[6]  Examples of qualified statements include "Made in USA of U.S. and imported parts" and "Manufactured in U.S. with Indonesian materials." Id. (emphasis added).

5

product the foreign content is." Id. at *63768-69. "[T]here is no single 'bright line' to establish when a product is or is not 'all or virtually all' made in the United States[.]" Id.

### 2. Plaintiff's U.S. Origin Statements

It is undisputed that Plaintiff's Power Stick product labels contain a qualified U.S. origin statement ("of U.S. and/or imported ingredients") and that Plaintiff advertises using unqualified statements ("manufactured in the USA"). SAA at 10-12; see generally MTD. Plaintiff's principal argument is that its use of both unqualified and qualified statement types is not misleading because the Power Stick products contain no more than a de minimis amount of foreign content and the statements comply with FTC requirements. MTD at 6-8; Reply at 2-3; see generally 62 Fed. Reg. 63756. Plaintiff goes on to argue that whether Plaintiff's statements are in compliance with the FTC guidelines is a matter that can only be determined by the FTC and that, without any other factual basis supporting Defendants' claim of false advertising, Defendants cannot maintain a private right of action. MTD at 6-8; Reply at 4-6. The Court, Plaintiff argues, should not allow Defendants "to step into the shoes of the government and act to enforce the FTC Act . . . ." See id. (citing, e.g., Bronson v. Johnson & Johnson, Inc., No. 12-4184, 2013 WL 5731817 CRB (N.D. Cal. Oct. 22, 2013) (private plaintiffs cannot seek to enforce FTC policy and cannot require defendants to substantiate their claims without providing additional factual support demonstrating that the claim is provably false)).

Defendants do not question whether Plaintiff's products are manufactured domestically. See generally SAA. Rather, Defendants claim that, because manufacturers are only required by the FTC to qualify their U.S. origin claims when their products contain more than a de minimis amount of foreign content, Plaintiff's use of both unqualified and qualified statements creates an inference that Plaintiff's products contain more than a de minimis amount of foreign content, which would require sufficient qualification in order to avoid consumer confusion. SAA at 10-12; Opp'n at 4-6; see 62 Fed. Reg. 63763. Defendants go on to argue that Plaintiff's unqualified statement is therefore misleading, according to the FTC's policy, and, additionally, that Plaintiff's qualified statement is not

1 sufficiently clear because of the use of "and/or" language.[7] Id. Defendants argue that they
2 are entitled to a private right of action because their claim is not a substantiation claim, but a
3 provable falsehood. Opp'n at 5. Defendants argue that whether the Power Stick products
4 contain sufficient foreign content to be misleading to consumers is "straight forward." Id.;
5 see, e.g., Bronson, 2013 WL 5731817. The Court disagrees.

6 FTC policy states that "there is no single 'bright line' to establish when a product is or
7 is not 'all or virtually all' made in the United States . . . ." 62 Fed. Reg. *63768-69. Even if
8 Plaintiff was forced to provide all available information regarding its Power Stick
9 ingredients, neither the parties nor the Court would be in a position to determine whether
10 there was sufficient foreign content to satisfy the FTC's standard. See generally id. at
11 *63756; see also Honeywell Int'l Inc. v. ICM Controls Corp., No. 11-569, 2014 WL
12 4248434 JNE/TNL, at *12 (D. Minn. Aug. 27, 2014) (discussing the subjective nature of the
13 FTC policy regarding U.S. origin statements). Whether Plaintiff is in compliance with FTC
14 policy, and whether consumers are deceived as a result, is therefore not provably false. See,
15 e.g., Bronson, 2013 WL 5731817, at *4 (claims relying on a lack of supporting evidence are
16 construed as substantiation claims and are insufficient).

17 While Plaintiff's U.S. origin statements could be misleading to consumers if the
18 products indeed contain more than a de minimis amount of foreign content, the false
19 advertising standard requires that Defendants' counterclaims contain some evidence
20 suggesting that confusion can actually be proven. SAA at 10-12; Opp'n at 5; see, e.g.,
21 Bronson, 2013 WL 5731817 (granting the defendants' motion to dismiss because the
22 plaintiffs' claim, which failed to cite any authority contradicting the defendants' advertising
23 statements, was a substantiation claim and therefore insufficient). Defendants suggest that
24 Plaintiff's U.S. origin statements are misleading when examined in the context of the FTC's

---

[7] While Plaintiff's use of both statement types and use of "and/or" language could be confusing to consumers, Defendants raise both arguments solely in the context of the FTC's policy. See Opp'n at 4-10 Both arguments rely on Plaintiff's products being ineligible for an unqualified statement of U.S. origin, according to FTC policy, because they contain more than de minimis foreign content. See generally 62 Fed. Reg. 63756. The FTC would likely not consider Plaintiff's use of an unqualified statement, and use of an ambiguous qualified statement, a danger to consumers if the Power Stick products contain "all or virtually all" domestic ingredients. Id.

7

1 policy on U.S. origin statements, but whether Plaintiff's statements comply with FTC policy
2 cannot be proven in this Court.  See generally 62 Fed. Reg. *63756; see also Honeywell Int'l
3 Inc., 2014 WL 4248434 JNE/TNL, at *12.  The Court does not wish to become the
4 handmaiden of the FTC, nor does it imagine that the FTC would welcome the help.  Because
5 Defendants do not suggest an alternative avenue by which they might plausibly prove that
6 Plaintiff's U.S. origin statements mislead consumers, Defendants fail to adequately allege
7 falsity or a likelihood of deception, and therefore fail to state a provable, false advertising
8 claim.  Id.; Ashcroft, 556 U.S. at 678 (quotation omitted).

Accordingly, the Court GRANTS Plaintiff's motion to dismiss Defendants' first cause of action.  Because Defendants make the identical argument to support their second cause of action, the Court GRANTS Plaintiff's motion to dismiss Defendants' second cause of action.  Defendants have amended their counterclaims once before.  See generally FAA; SAA.  Moreover, Defendants did not represent at the motion hearing that they could amend their counterclaims to address this issue.  Accordingly the Court's dismissal is with prejudice.

### B.   FDA Violations

Plaintiff next moves to dismiss Defendants' third cause of action, which alleges unfair competition.  SAA at 20-21; see Cal. Bus. & Prof. Code § 17200.  Plaintiff claims that: (1) Defendants lack standing because they failed to adequately claim any injury tied to the alleged labeling violations; (2) Defendants cannot claim competitive harm because their products also violate FDA labeling requirements; and (3) Defendants do not sell antiperspirants and, so, could not be harmed by any alleged antiperspirant labeling violation.  MTD at 11-13.  Defendants argue that: (1) they sufficiently allege injury; (2) the Court cannot assume that Defendants also violated FDA requirements; and (3) Plaintiff's Power Stick Cool Blast product is labeled as both an antiperspirant and a deodorant and whether Plaintiff's product competes with Defendants' products is a matter of fact.  Opp'n at 13-15.  For the reasons stated below, the Court agrees with Defendants that they have stated a plausible claim.

A party can bring a claim under California's Unfair Competition Law ("UCL") if it

can establish injury in fact. AngioScore, Inc. v. TriReme Med., LLC, No. 12-3393, 2014 WL 4438082, at *7 (N.D. Cal. Sept. 9, 2014) (citing Cal. Bus. & Prof. Code § 17204). At the pleading stage, general allegations of injury resulting from the defendant's conduct are sufficient. Hinojos v. Kohl's Corp., 718 F.3d 1098, 1104 (9th Cir. 2013) (citing Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 327 (2011)).

Defendants claim that Plaintiff's Power Stick Cool Blast violates numerous FDA requirements for over-the-counter ("OTC") drugs, in violation of the UCL.[8] SAA at 14-18, 20-21. Defendants allege that Plaintiff is able to charge less than Defendants for similar products by "skirting labeling requirements[,]" thus retaining greater profit. Id. at 18. Defendants allege that because of its increased profit, Plaintiff is able to do more marketing and advertising. Id. Defendants allege that in so doing, Plaintiff unfairly gains market power, diverts customers away from Defendants, and injures Defendants' relationships with existing or potential customers.[9] Id.

Plaintiff's first argument is that Defendants' alleged injury is too "far removed from any actual product competition[,]" "lack[s] any factual support[,]" and is "insufficient to confer standing." MTD at 11-13; Reply at 8. As support, Plaintiff cites McCabe v. Floyd Rose Guitars, No. 10-581, 2012 WL 1409627 JLS, at *9 n.4 (S.D. Cal. Apr. 23, 2012), which requires claimants to allege a "plausible chain of injury." Reply at 8. McCabe is not analogous.

In McCabe, the plaintiff argued that consumers would have purchased licenses from him had the defendant not fraudulently induced consumers to purchase defendant's license. 2012 WL 1409627, at *9 n.4. The court observed that there was no connection between the plaintiff's patent and the defendant's patent and that, even assuming that the defendant's patent was invalid, consumers would be more likely to purchase licenses from the prior art

---

[8] Defendants also argue that Plaintiff's alleged false advertising violates the UCL. SAA at 20-21. Because the Court is dismissing Defendants' false advertisement claims, it analyzes Plaintiff's third cause of action solely in the context of the Power Stick Cool Blast's alleged FDA labeling violations.

[9] Defendants' alleged injuries are nearly identical to Plaintiff's alleged injuries for the UCL violation alleged in the Complaint. Compare Compl. ¶¶ 38-58 with SAA at 17-21.

9

1 patent holders than from the plaintiff. Id. The plaintiff thus failed to allege a "plausible
2 chain of injury." Id.

3 Here, unlike in McCabe, Defendants have alleged a "plausible chain of injury." Defendants allege that their products compete directly with Plaintiff's Power Stick Cool Blast product, that Plaintiff's product labeling violates numerous FDA regulations, that Plaintiff avoided costs by "skirting" the FDA requirements, and that Plaintiff was able to both divert market share away from Defendants and to damage Defendants' goodwill with existing and potential customers. See SAA at 8; see also AngioScore, Inc. v. TriReme Med., LLC, No. 12-3393, 2014 WL 4438082 YGR, at *7 (N.D. Cal. Sept. 9, 2014) ("Loss of business to a competitor as a result of unfair competition is a paradigmatic, and indeed the original, variety of loss contemplated by the UCL.") (citation omitted). These general allegations of economic injury resulting from Plaintiff's conduct are sufficient at the pleading stage. Hinojos, 718 F.3d at 1104 (citations omitted).

Plaintiff's second argument, which is essentially an unclean hands argument, and Plaintiff's third argument, which is that the parties' products do not actually compete, both require that the Court make assumptions in favor of the moving party. MTD at 11-13. Plaintiff's arguments would require the Court to assume as true Plaintiff's assertion that Defendants' products violate FDA labelling requirements, see generally Compl., and assume as false Defendants' factual allegation that the parties' products compete, see SAA at 18. This is improper. For the purposes of this motion, the Court must accept as true Defendants' factual allegations and construe the facts in the light most favorable to Defendants, the non-moving party. See Wyler-Summit P'ship, 135 F.3d at 661. Because Defendants have standing and because the Court must not make assumptions in favor of the moving party, the Court DENIES Plaintiff's motion to dismiss Defendants' third cause of action.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss Defendants' first and second causes of action for false advertising, with prejudice, and DENIES Plaintiff's motion to dismiss Defendants' third cause of action for unfair

competition.

**IT IS SO ORDERED.**

Dated: December 12, 2014

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE